whose shop plaintiff had claimed to have been visiting just before the accident, and also failure to produce his books, as having some effect on the plaintiff's or the defendant's case.   There is not the slightest intimation in the record that the butcher witnessed the accident, and his books, of course, would be quite incompetent as evidence from any point of view.   While the learned court did not intimate which side might, in the minds of the jury, be prejudiced by the absence of this alleged testimony, it did permit the jury to speculate on the subject, although it was one entirely outside of their consideration, and not connected with the issues in the case.

These and other errors are adequately presented by a number of exceptions taken by plaintiff's counsel.

It seems evident to us that the issues were not properly submitted to the jury, and the judgment must be reversed and a new trial granted, with costs to appellant to abide the event.

LEHMAN, J., concurs.

SEABURY, J.   I dissent.   While the charge of the learned court was not wholly free from error, the erroneous statement related to matters immaterial to the issue; and, in my judgment, was not of so grave a character as to justify a reversal of the judgment.

---

WIEN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term, First Department.   April 14, 1914.)

1. CARRIERS (§ 181½*)—FREIGHT—ACTION FOR NONDELIVERY—DEFENSES.

The fact that the shipper, upon learning that the goods had not been delivered long after they were shipped, and after directing the initial carrier to have them returned at once, took the matter up with the delivering carrier on the suggestion of the initial carrier, would not relieve the initial carrier from liability for nondelivery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 829;  Dec. Dig. § 181½.*]

2. CARRIERS (§ 181½*)—FREIGHT—ACTION FOR NONDELIVERY—DEFENSES.

Even if the shipper should have accepted the consignee's offer to take the goods at two-thirds of their value, where they had not been delivered after long delay, instead of having them returned to the shipper, when they were sold for one-half their value, failure to do so would not warrant the dismissal of the complaint in an action against the initial carrier for damages for nondelivery, but would at most go to reduce the amount of recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 829;  Dec. Dig. § 181½.*]

3. DAMAGES (§ 62*)—FREIGHT—ACTIONS FOR NONDELIVERY—DUTY TO REDUCE DAMAGES.

The shipper was not bound to accept the consignee's offer to take the goods at two-thirds of their value, when they were not delivered after long delay, instead of having them returned, though they were sold on return for only one-half of their value;  the shipper not being bound to adopt at his own risk one of two possible means for reducing the damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 119–131;  Dec. Dig. § 62.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Wien against the New York Central & Hudson River Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

A. M. Becker, of New York City (Joseph Levy, of New York City, of counsel), for appellant.

Alexander S. Lyman, of New York City (William Mann, of New York City, of counsel), for respondent.

BIJUR, J. The testimony shows that plaintiff made a shipment of goods by defendant as initial carrier from New York to Kansas City about January, 1912. At the end of April plaintiff learned for the first time that the goods had not been delivered to the consignee. He complained to defendant's agent, and, on inquiry being made, was informed by the connecting carrier, the Atchison, Topeka & Santa Fé R. R. Co., that the goods had been delivered. About a month later the Santa Fé road corrected its prior advices and admitted that the goods had not been delivered and were still in its possession. Plaintiff directed defendant to have them returned at once, but, on the suggestion of defendant's agent, took the matter up direct with the New York representative of the Santa Fé road. Various negotiations and delays ensued with the result that the goods were not returned until July, when they were sold here at half their original value.

[1] The learned court below dismissed the complaint on the theory that by plaintiff's dealing with the Santa Fé road, after being referred to it by defendant, he had relieved the defendant from legal liability as initial carrier. In this conclusion I cannot agree. The negligence from which plaintiff suffered was negligence of the Santa Fé road acting as connecting carrier of the shipment delivered by plaintiff to defendant. The mere fact that plaintiff, at the suggestion of the defendant, for their mutual convenience, transacted part of the business of salvage through the connecting carrier does not relieve the defendant on any principle of law with which I am familiar, nor is any cited in support thereof.

[2, 3] An incidental claim by the defendant that plaintiff at all events should have accepted the offer of the consignee to take the goods at two-thirds of their value rather than have them returned here where they were sold for one-half of their value certainly does not warrant the dismissal of the complaint. At most it might be applied in reduction of the recovery; but even in this connection defendant fails to appeal to any authority, nor do I know of any which charges the plaintiff at his risk with adopting one of two possible means for reducing the damage.

Judgment reversed and a new trial granted, with costs to appellant to abide the event. All concur.